IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ballam Justin Alexander, | ) | Case No.: 6:21-cv-0239-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Nicholas Ledbetter, William Jumper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Ballam Justin Alexander ("Alexander" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 stemming from a traffic stop on a vehicle being driven by a third party, whereby Plaintiff was arrested on state law charges as a result of the traffic stop.

Alexander filed a Complaint against Nicholas Ledbetter and William Jumper (collectively "Defendants") on January 25, 2021 (DE 1) alleging that the initial traffic stop ended, but Defendant Ledbetter illegally extended the traffic stop with a K-9 search of the vehicle which exceeded the scope of the initial stop. Plaintiff's Complaint asks (1) for all evidence against him to be suppressed and that his criminal charges be dismissed and (2) for money damages in the amount

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

of $600,000. (DE 1.) On February 2, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's Complaint be dismissed without issuance and service of process, because Alexander's claims for injunctive relief related to his pending state court criminal action are not properly before this Court based on the Younger abstention doctrine and because Alexander's allegations fail to state a claim for relief. (DE 9.)

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without issuance of service of process.

**IT IS SO ORDERED.**

*[Signature]*
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
July 16, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2